**IN THE UNITED STATES DISTRICT OF TEXAS**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KARSON KUSS,** § | | |
| *Plaintiff* § | | |
| § | | |
| **VS.** § | | **CIVIL ACTION NO. 5:19-CV-00629** |
| § | | **JURY TRIAL REQUESTED** |
| **PASCHALL TRUCK LINES, INC. AND** § | | |
| **WILLIE ULMER,** § | | |
| *Defendants* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

KARSON KUSS, Plaintiff, by and through his attorneys, THOMAS J. HENRY LAW, PLLC, now comes before this Court and complains of PASCHALL TRUCK LINES, INC. and WILLIE ULMER as follows:

### I.  PARTIES

1. KARSON KUSS is a citizen of Texas residing in Travis County, Texas.

2. Defendant PASCHALL TRUCK LINES, INC. is a Kentucky corporation that maintains its principal place of business in Kentucky. Defendant PASCHALL TRUCK LINES, INC. does not maintain a registered agent for service of process in Texas. Accordingly, Defendant may be served with process by and through the Texas Secretary of State.

3. Defendant WILLIE ULMER is a citizen of Pennsylvania who may be served at his residence at 613 N. Bishop St., Fountain Hill, Pennsylvania 18016, or wherever he may be found.

### II.  STATEMENT OF JURISDICTION AND VENUE

4. Plaintiff KARSON KUSS is a citizen of Texas. Defendant PASCHALL TRUCK LINES, INC. is a Kentucky corporation with its principal place of business in Kentucky. Defendant

WILLIE ULMER is a citizen of Pennsylvania. The amount of controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper under 28 U.S.C. §1391(B)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in the Western District of Texas.

6. Plaintiff requests a trial by jury.

### III.   SUMMARY

7. On or about May 6, 2019, Plaintiff KARSON KUSS was lawfully operating his vehicle on IH-35 in Travis County, Texas, when Defendant WILLIE ULMER, who was driving a tractor-trailer in the same direction as Plaintiff, failed to maintain control over the tractor-trailer, failed to maintain a single lane of travel, and crashed into Plaintiff's vehicle, which then crashed into the concrete barrier. At the time of the collision, Defendant WILLIE ULMER was driving the tractor trailer in the course and scope of his employment with Defendant PASCHALL TRUCK LINES, INC. The collision caused Plaintiff to sustain significant bodily injuries, as more fully set forth below.

### IV.   COUNT I – NEGLIGENCE OF WILLIE ULMER

8. Plaintiff incorporates by reference herein all allegations set forth above.

9. On May 6, 2019, Plaintiff KARSON KUSS was operating his Ford Taurus in a lawful manner traveling on IH-35 in Travis County, Texas.

10. Defendant WILLIE ULMER was operating a tractor trailer and was also traveling on IH-35 in Travis County, Texas.

11. At all times relevant hereto, Defendant WILLIE ULMER was acting within the course and scope of his employment with Defendant PASCHALL TRUCK LINES, INC.

12. Defendant WILLIE ULMER operated the tractor-trailer in a negligent matter and violated

the duty which he owed Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c. in failing to control speed;

d. in failing to maintain a single lane of travel in violation of Section 545.060 of the Texas Transportation Code;

e. in failing to maintain an assured clear distance from Plaintiff's vehicle so that a collision would not occur in violation of Section 545.062 of the Texas Transportation Code;

f. in failing to comply with Federal and State DOT regulations in the operation of the commercial motor vehicle;

g. in failing to warn Plaintiff of the impending collision by using his horn or some other warning device;

h. in turning his vehicle when unsafe in violation of Section 545.103 of the Texas Transportation Code;

i. in failing to properly maintain his commercial vehicle in that it could safely operate on Texas roadways; and

j. in failing to turn the vehicle in an effort to avoid the collision in question.

13. Each of these acts and/or omissions of Defendant WILLIE ULMER, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and resulting injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### V.     COUNT II - GROSS NEGLIGENCE OF WILLIE ULMER

14. Plaintiff incorporates by reference herein all allegations set forth above.

15. Defendant WILLIE ULMER's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision and resulting injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### VI.   COUNT III – RESPONDEAT SUPERIOR / NEGLIGENCE OF PASCHALL TRUCK LINES, INC.

17. Plaintiff incorporates by reference herein all allegations set forth above.

18. Defendant PASCHALL TRUCK LINES, INC. is liable under the theory of *respondeat superior* in that Defendant WILLIE ULMER was acting within the course and scope of his employment with Defendant PASCHALL TRUCK LINES, INC. at the time the incident occurred. At a minimum, WILLIE ULMER was operating a commercial motor vehicle under Defendant PASCHALL TRUCK LINES, INC.'s motor carrier number and was a statutory employee

17. Defendant PASCHALL TRUCK LINES, INC. is liable under the theory of *respondeat superior* in that Defendant WILLIE ULMER was acting within the course and scope of his employment with Defendant PASCHALL TRUCK LINES, INC. at the time the incident occurred. At a minimum, WILLIE ULMER was operating a commercial motor

vehicle under Defendant PASCHALL TRUCK LINES, INC.'s motor carrier number and was a statutory employee.

18. Defendant PASCHALL TRUCK LINES, INC. is responsible for the acts and/or omissions of Defendant WILLIE ULMER, which whether taken singularly or in any combination, constitute negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### VII.   COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING / ENTRUSTMENT OF PASCHALL TRUCK LINES, INC.

19. Plaintiff incorporates by reference herein all allegations set forth above.

20. Defendant PASCHALL TRUCK LINES, INC. was independently negligent in one or more of the following aspects:

   a. Negligent hiring;

   b. Negligent entrustment;

   c. Negligent driver qualifications;

   d. Negligent training and supervision;

   e. Negligent retention;

   f. Negligent contracting; and

   g. Negligent maintenance.

21. Defendant PASCHALL TRUCK LINES, INC. is liable for the negligent entrustment of its commercial vehicle to WILLIE ULMER. Defendant PASCHALL TRUCK LINES, INC. owned the vehicle operated by WILLIE ULMER at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant PASCHALL TRUCK LINES, INC.

negligently entrusted its vehicle to WILLIE ULMER, whom Defendant PASCHALL TRUCK LINES, INC. knew or should have known was an unlicensed, incompetent and/or reckless driver. Defendant PASCHALL TRUCK LINES, INC. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle.

22. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### VIII. COUNT V - GROSS NEGLIGENCE OF PASCHALL TRUCK LINES, INC.

23. Plaintiff incorporates by reference herein all allegations set forth above.

24. Defendant PASCHALL TRUCK LINES, INC.'s conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

25. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## IX.   DAMAGES

24. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff KARSON KUSS suffered severe bodily injury to his neck, back, and other parts of his body generally. The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.

25. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

26. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

27. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

## X.   PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff is entitled to damages from the Defendants, and does hereby pray that judgment be entered in his favor and against the Defendants as follows:

    a. Pain and suffering in the past;

    b. Pain and suffering in the future;

    c. Mental anguish in the past;

    d. Mental anguish in the future;

    e. Past medical expenses;

    f. Future medical expenses;

    g. Physical impairment in the past;

    h. Physical impairment in the future;

    i. Physical disfigurement in the past;

    j. Physical disfigurement in the future; and

    k. Property damages and diminution in value of property.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

                        Respectfully submitted,
                        **THOMAS J. HENRY LAW, PLLC**

        By:      /s/ *Russell W. Endsley*
                 Russell W. Endsley
                 State Bar No.: 24026824
                 W. Dist. TX. Bar No.: 28492
                 *Attorney In Charge*
                 521 Starr Street
                 Corpus Christi, Texas 78401
                 Telephone: 361-985-0600
                 Facsimile: 361-985-0601
                 *e-mail: rendsley-svc@tjhlaw.com
                 *service by e-mail to this address only
                 *Attorneys for Plaintiff*